# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **v.**                                            **Criminal Action No. 1:13cr3**

**AUGUST TAMPOYA,**

    **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, August Tampoya, in person and by counsel, Katy J. Cimino, appeared on March 21, 2003. The Government appeared by Zelda Wesley, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Three of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with his understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was

signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, August Tampoya, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Three of the Indictment, including the elements the United States would have to prove at trial, charging him with possession with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D). From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to at least two (2) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony, or drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you discuss with your lawyer and did you understand from that discussion that you have a right to appeal your sentence to the Fourth Circuit Court of Appeals–that is your conviction and your sentence to the Fourth Circuit Court of Appeals - - within 14 days following Judge Keeley's sentencing of you?

Def: Yes, your Honor.

Ct: Did you also discuss with your lawyer and did you understand from that discussion that you may file a motion collaterally attacking or challenging or sentence and how that sentence is being carried out–it's commonly called a writ of habeas corpus-type motion filed under Title 28 USC Section 2255?

Def: Yes, your Honor.

Ct: Did you understand that under paragraph 11 of your written plea agreement, if the United States District Judge imposes an actual sentence which is the same as or the equivalent of a guideline-

calculated sentence which has a base offense level of 18 or lower, then you give up your right to directly appeal that sentence to the Fourth Circuit . . .

Def: . . . . Yes, your Honor.

Ct: And you give up your right to collaterally attack or challenge that sentence by filing a motion under Title 28 Section 2255?

Def: Yes, your Honor.

Ct: Is that what you intended to do?

Def: Yes, your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate and collateral attack rights and knowingly gave up those rights pursuant to the conditions in the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Three of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Three of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written

agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant acknowledged his understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected within the statutory maximum sentence, he would not be permitted to withdraw his guilty plea. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The undersigned inquired of counsel as to whether the current written plea agreement was the only offer made to Defendant. Counsel replied that it was.

Thereupon, Defendant, August Tampoya, with the consent of his counsel, Katy J. Cimino, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Three of the Indictment.

The Court heard the testimony of West Virginia State Trooper John Wayne Smith, who testified he was involved in the investigation of Defendant. On April 14, 2011, a confidential informant made a controlled purchase of marijuana from Defendant. Information from the investigation indicated that

Defendant was involved in the manufacture of marijuana. A search warrant was executed at his residence in Monongalia County on April 28, 2011, pursuant to which officers seized 32 marijuana plants consisting of root balls, evidence the plants were grown there, and 15 bags of marijuana. The evidence was sent to the State Police Forensics Laboratory which determined it was 2995 grams of marijuana. They also seized drug paraphernalia and other evidence indicating distribution.

Defendant stated he heard, understood and agreed with Trooper Smith's testimony, except that he believed the number of plants seized was closer to 18 than the 32 testified to. Defendant did not disagree with the gram weight of the marijuana seized or that the marijuana was grown there and possessed with the intent to distribute. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Three of the Indictment is supported by the testimony of Trooper Smith.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Three of the Indictment; Defendant understood the consequences of his plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Three of the Indictment; and Defendant's plea is independently supported by the testimony of Trooper Smith, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Three of the Indictment and recommends he be adjudged guilty on said charge as contained in Count Three of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this case.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: March 22, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE